UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMC TECHNOLOGY, LLC, | Case No.: 11-cv-3403 PSG |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF BRIAN MCCORMACK** |
| v. | |
| CISCO SYSTEMS, INC., | **(Re: Docket No. 91)** |
| Defendant. | |

Plaintiff AMC Technology, LLC ("AMC") moves to compel a deposition of Brian McCormack ("McCormack").[1] Defendant Cisco Systems, Inc. ("Cisco") opposes on the grounds that AMC already has deposed ten individuals and has not shown good cause either to depose an eleventh individual or to modify the fact discovery cut-off date.[2] The parties stipulated to shortened time on hearing this motion, AMC agreed not to file a reply, and the court heard oral arguments on February 12, 2013.[3]

The court recounts here only its decision and a summary of its reasoning. Pursuant to Fed. R. Civ. P. 30(a)(2)(A)(i), a party must obtain leave from the court for a deposition if it "would result in more than 10 depositions being taken." The court "must grant leave to the extent

---
[1] *See* Docket No. 91.

[2] *See* Docket No. 95.

[3] *See* Docket Nos. 93, 97.

Case No.: 11-3403 PSG
ORDER

1

consistent with Rule 26(b)(2)." Fed. R. Civ. P. 26(b)(2) in turn provides that the court must limit the frequency or extent of discovery if it determines that: (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (3) "the burden or expense of the proposed discovery outweighs its likely benefit."

The court finds that AMC has shown good cause for deposing McCormack after the fact discovery cut-off date. AMC seeks to depose McCormack because it asserts that he has firsthand knowledge of defamatory statements made by Cisco to TD Ameritrade regarding AMC's products, which AMC contends are crucial for its defamation claims.[4] AMC asserts that it expected Cisco to produce a Rule 30(b)(6) deponent with knowledge of statements by Cisco regarding AMC products.[5] Cisco responds that AMC failed to ask the deponent Cisco offered about his knowledge of the statements while he was deposed in his 30(b)(6) capacity.[6] Cisco also asserts that it earlier objected to AMC's deposition topic regarding the defamation and so AMC had notice that it might need to seek a third-party deponent.[7] Cisco finally argues that AMC has not shown McCormack in fact has firsthand knowledge of the Cisco statements.

An additional deposition is warranted. AMC expected a deponent from Cisco with knowledge of communications about AMC, and Cisco agreed to provide a deponent who could speak at least generally to those communications.[8] Cisco's designated deponent could not testify to

---

[4] *See* Docket No. 91.

[5] *See id.*

[6] *See* Docket No. 95.

[7] *See id.*

[8] *See id.*

2

Case No.: 11-3403 PSG
ORDER

either general or specific communications.[9] As to Cisco's assertions regarding whether McCormack has firsthand knowledge, the deposition would serve to establish whether he has admissible information. Pursuant to Fed. R. Civ. P. 26(b), discovery is relevant if it "appears reasonably calculated to lead to the discovery of admissible evidence"; the discovery itself need not be admissible. A deposition of a witness who has knowledge of certain statements reasonably could lead either to admissible testimony from him or to other admissible evidence.

As to the timing of the request, the court notes that AMC subpoenaed McCormack and would have completed the deposition before the close of discovery save for Cisco's objection to an eleventh deposition.[10] Cisco's argument regarding late discovery[11] – especially in light of the representation by AMC that both parties plan to engage in ongoing discovery despite the court's scheduling order[12] – is unavailing.

AMC may take the deposition of McCormack within fourteen days of this order. In light of this order, to the extent the parties argue that an adjustment of the pretrial schedule is warranted, they should submit a stipulation and proposed order.

**IT IS SO ORDERED.**

Dated: February 15, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[9] *See* Docket No. 91 Ex. D.

[10] *See id.* Ex. G.

[11] *See* Docket No. 95.

[12] *See* Docket No. 91.

Case No.: 11-3403 PSG
ORDER

3